**COURT OF CHANCERY**
OF THE
**STATE OF DELAWARE**

TAMIKA R. MONTGOMERY-REEVES
VICE CHANCELLOR

Leonard L. Williams Justice Center
500 N. King Street, Suite 11400
Wilmington, Delaware 19801-3734

October 19, 2016

Denilia Francis                          Ocwen Financial Services, Inc.
9 Guenever Drive                     1661 Worthington Road, Suite 100
New Castle, DE  19720            West Palm Beach, FL 33409

      RE:   ***Denilia Francis v. Ocwen Financial Services, Inc., et al.,***
           Civil Action No. 12661-VCMR

Dear Litigants:

On August 9, 2016, the Register in Chancery received Plaintiff's petition (the "Petition") for a temporary restraining order and injunction against Ocwen Financial Services ("Ocwen"), which sought to prohibit Ocwen from foreclosing upon Plaintiff's property at 9 Guenever Drive, New Castle, Delaware, 19720. On August 15, 2016, Master Zurn issued a Letter Decision and Order, which granted the application for in forma pauperis, but dismissed the Petition as legally frivolous. Neither party took exception to the Letter Decision and Order within eleven days of the date of the report, as required under Court of Chancery Rule 144. On September 9, 2016, the Letter Decision and Order was approved and adopted on by Chancellor Bouchard.

On September 13, 2016, the Register in Chancery received a letter from Plaintiff to Master Zurn. Plaintiff stated that she did not understand Master Zurn's ruling, asked thirteen questions,[1] requested that Master Zurn "reconsider [her] position," stated "[t]he FDCPA has rules concerning debt collectors and creditors. Ocwen is a debt collector acting outside of their capacity.[sic] (legally) by law," and pointed Master Zurn to "Exhibit A," which is a June 15, 2016 letter from Ocwen to Plaintiff.

The purpose of Plaintiff's September 13, 2016 letter is unclear. To the extent that it purports to take exceptions to Master Zurn's Letter Decision and Order, I note that it is untimely under Rule 144. Regardless, a hearing is unnecessary. I have conducted a *de novo* review of the rulings in the Letter Decision and Order. *See DiGiacobbe v. Sestak*, 743 A.2d 180, 184 (Del. 1999). I

---

[1] The September 13, 2016 asks the following questions. 1) "What is frivolous?" 2) "Are you complicit to the greed, corruption and fraud of so called debt collectors?" 3) "How can you provide proof that Ocwen Financial has received hardship?" 4) "Is not being threatened to be evicted not irreparable harm?" 5) "What is equity? Any must be shown by whom?" 6) "Is being served by Sherriff not a pending of a thing or type of action?" 7) "Is asserting my rights and staying in honor not good faith?" 8) "Are you perpetuating fraud that has plagued this society for centuries to continue?" 9) "Can you explain rule 144? I am not a legalese expert." 10) "Are you not to exercise ordinary care?" 11) "Can a debt collector collect on a debt that was discharged in Bankruptcy?" 12) "How can a debt collector have a lien on property?" 13) "What and how can a debt collector claim rights which were never theirs?"

agree with the analysis conducted in the Letter Decision and Order and adopt it as

a decision of this court.

**IT IS SO ORDERED.**

Sincerely,

*/s/ Tamika Montgomery-Reeves*

Vice Chancellor

TMR/jp